United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41380
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIAN GARCIA-CONTRERAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-736-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Julian Garcia-Contreras (Garcia) appeals his conviction and
sentence for illegal reentry. Garcia challenges the
constitutionality of 8 U.S.C. § 1326(b)(1) and (2) and,
additionally, the district court's application of the mandatory
Sentencing Guidelines.

Garcia's constitutional challenge to § 1326(b) is foreclosed
by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).
Although Garcia contends that Almendarez-Torres was incorrectly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Garcia properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Garcia also contends that the district court erred in sentencing him pursuant to the mandatory Sentencing Guidelines regime held unconstitutional in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 764-65 (2005). The sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime, and, therefore, the Government has not borne its burden of establishing beyond a reasonable doubt that the district court's error was harmless. See United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005). Thus, Garcia's sentence is vacated, and the case is remanded for further proceedings. See id. at 466.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.